Citation Nr: 1702633 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 05-03 656 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

1. Entitlement to individual unemployability.

2. Entitlement to an initial compensable evaluation for hepatits C.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Ryan, Associate Counsel 





INTRODUCTION

The Veteran served on active duty from December 1985 to November 1989. He served in the Army Reserve from November 1989 to September 2001, including periods of active duty for training (ACDUTRA) from April 1990 to July 1990 and from February 1996 to February 1997.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a July 2003 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina, that denied service connection. 

In January 2014, the Board referred this case to the RO for further evidentiary development for the issue of TDIU. In January 2014, CAVC modified the Board's TDIU referral to a remand, and the RO provided the Veteran with VA Form 21-8940.

In October 2015, the Veteran submitted a statement requesting new medical examinations for his service-connected disabilities and for all disabilities, past and present, that are currently before the Board of Veterans' Appeals or the RO.

In January 2016, the Board remanded this case for further evidentiary development.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran contends that he is entitled to a total rating for unemployability, as well as a compensable rating for hepatitis C. For the following reasons, the Board finds remands warranted for both claims.

Concerning the Veteran's claim for TDIU, the Board previously remanded this claim in January 2016 so that the Veteran could undergo up-to-date examinations for all of his claimed conditions, as the Veteran claimed all of his conditions had worsened, and the Veteran was not eligible for consideration of a TDIU on a schedular basis at that time. See 38 C.F.R. § 4.16(a). The Board also remanded the claim, as the Veteran had requested but not received a hearing. 38 C.F.R. § 20.700 (2015).

Unfortunately, a review of the record indicates that the AOJ did not comply with these directives. Following the Board's January 2016 remand, no VA examination reports are of record, and there is no documentation indicating that the Veteran was ever scheduled for an examination, per the Board's instructions. A remand confers upon the Veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). Thus, the Board has no alternative but to remand the matter for action in compliance with the prior remand.

As for the Veteran's claim for a compensable evaluation for hepatitis C, the Board notes that the Veteran has alleged that his condition has worsened, so he must be provided with a current Compensation and Pension (C&P) examination.

Lastly, the Board notes that in January 2017, the Veteran submitted new medical records and evidence, while also asking that the RO re-assess his conditions pursuant to the new medical evidence and requested more time to submit more evidence before the Board re-adjudicated his claim.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should take appropriate steps to schedule the Veteran for a hearing in accordance with this request. After the hearing is conducted, or if the Veteran withdraws the hearing request or fails to report for the scheduled hearing, any indicated development should be undertaken. 

Thereafter, if indicated, the case should be returned to the Board for the purpose of appellate disposition. 

2. The Veteran should be provided with up-to-date examination to assess the nature and severity of his current service-connected condition of hemorrhoids.

Specifically, the examiner is asked to address:

(a) if the Veteran experiences large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent occurrences OR

(b) if the Veteran experiences external or internal hemorrhoids that cause persistent bleeding and with secondary anemia, or with fissures.

3. The Veteran should be provided with an up-to-date examination to assess the nature and severity of his hepatitis C.

Specifically, the examiner is asked to address:

(a) The frequency of the Veteran's fatigue, malaise, and anorexia;

(b) The frequency of the Veteran's incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain);

(c) The frequency and amount, if any, of the Veteran's weight-loss and hepatomegaly; and

(d) If there is any evidence that the Veteran suffers from serologic evidence of hepatitis C infection.

4. The Veteran should be provided with an up-to-date examination to assess the nature and severity of his lumbar and cervical spine degenerative arthritis.

Specifically, the examiner is asked to address:

(a) Identify all lumbosacral and cervical spine pathology found to be present.

(b). Provide the range of motion of his lumbosacral and cervical spine in degrees in active motion, passive motion, weight-bearing, and nonweight-bearing and indicate whether there is objective evidence of pain on motion. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

(c). Indicate whether his lumbosacral or cervical spine exhibits weakened movement, excess fatigability, or incoordination during flare-ups or upon repetitive use. Indicate whether there is any additional limitation in range of motion or functional impairment during flare-ups or upon repetitive use. To the extent possible, express any functional loss in terms of additional degrees of limited motion of the Veteran's lumbosacral spine.

(d). State whether the Veteran's lumbar or cervical spine disease has been productive of any incapacitating episodes, and IF SO, the frequency and duration of those episodes, categorized by year.

5. The AOJ should adjudicate the issues remaining on appeal before it, to determine if the Veteran's schedular ratings will increase.

6. After adjudicating all other issues remaining on appeal, the AOJ should thoroughly review the Veteran's submitted VA Form 21-8940 and accompanying evidence. Subsequently, readjduciate the claim on appeal in light of all the evidence of record. If any benefit sought on appeal remains denied, the AOJ should furnish to the Veteran a fully responsive supplemental statement of the case. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).